IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BRODAK, CORAL BRODAK, and BRODAK MANUFACTURING AND DISTRIBUTING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE T. McCLAIN and RANDI GIFFORD<br><br>Defendants. | 2:06cv146<br>Judge David S. Cercone<br>Magistrate Judge Lisa Pupo Lenihan |

## MEMORANDUM ORDER

This action was commenced on February 2, 2006, and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Defendants thereafter filed their separate Motions to Dismiss [Document Nos. 4 and 6].

The Magistrate Judge's Report and Recommendation, filed on December 12, 2006, concluded that the Motions to Dismiss of Defendants George T. McClain and Randi Gifford should be granted and that Plaintiffs' case should be dismissed in its entirety owing to collateral estoppel as to *in personam* jurisdiction.[1]

Objections to the Report and Recommendation were filed by Plaintiffs on December 28, 2006, as permitted by an extension of time requested by the Plaintiffs. After de novo review of

---

1. As fully set forth in the Report and Recommendation, this federal court action was preceded by Plaintiffs' similar action filed against the same Defendants in the court of Common Pleas of Greene County, Pennsylvania on September 13, 2005 (the "State Court Action"). In response to Preliminary Objections, the State Court considered the question of personal jurisdiction at that time and dismissed the case on December 20, 2005, concluding that personal jurisdiction was lacking. More specifically, the Court concluded that there were insufficient minimum contacts between the Defendants and the Commonwealth to support a constitutional exercise of specific personal jurisdiction.

the record, together with the Report and Recommendation and plaintiffs' Objections thereto, the following Order is entered:

AND NOW, this **30** day of January, 2007,

IT IS ORDERED that Defendants' Motions to Dismiss [Document Nos. 4 and 6] be GRANTED and the action is dismissed for want of *in personam* jurisdiction over the defendants. The Report and Recommendation of Magistrate Judge Lenihan as augmented herein is adopted as the Opinion of the Court.

Plaintiffs' objections are without merit. It is axiomatic that any court cannot adjudicate a claim on its merits in the absence of *in personam* jurisdiction over the defendant(s). When a court lacks such jurisdiction that is as far as its power extends: a declaration that it lacks the constitutional authority to act. An appeal may be taken from such a declaration. And after appeal to the highest court has been exhausted or waived, the jurisdictional determination becomes fully litigated on its merits. When that occurs, the determination like all others becomes subject to collateral estoppel in appropriate circumstances.

Under plaintiffs' reasoning, an adjudication resulting in a determination of the lack of *in personam* jurisdiction could never become binding and entitled to full faith and credit because in all such cases a court cannot adjudicate the substantive claims advanced in the lawsuit. Of course, the fallacy of such reasoning is readily apparent. See Valdez v. Kreso, Inc., 144 F. Supp.2d 663, 667-68 (N.D. Tex.2001) (imposing sanctions on attorney who filed lawsuit in federal court asserting similar claims to lawsuit filed in state court which was dismissed for lack of personal jurisdiction under "long standing [rule] that principles of res judicata apply to jurisdictional determinations - both subject matter and personal.") (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n. 9 (1982)); Deckert v. Wachovia Student Financial Services, Inc., 963 F.2d 816, 819 (5th Cir.1992) (An order dismissing claims for lack of personal jurisdiction precludes re-litigation of the jurisdictional issues that were actually litigated and essential to the dismissal); Arasco, Inc. v. Glenara, Ltd., 912 F.2d 784, 787 (5th Cir.1990) (noting state court would be bound by federal court finding of lack of personal jurisdiction on constitutional grounds); Compagnie des Bauxites de Guinee v L'Union Atlantique

S. A. d'Assurances, 791 F2d 274, 277 (3d Cir. 1986) (recognizing that collateral estoppel may apply to prior determination of amenability to personal jurisdiction in a particular forum).

But even assuming for the purposes of argument that a federal court should not blindly follow a state court's determination of a federal constitutional issue, the magistrate judge aptly and correctly explained that this court would be compelled to reach the same conclusion under an independent assessment of the defendants' contacts with the forum and their amenability to suit in this jurisdiction. The existence of such jurisdiction is a question of law when the underlying facts are not in dispute, see Davis v. Metro Productions, Inc., 885 F.2d 515, 522 (9th Cir. 1989), and all courts to have passed on the undisputed facts upon which plaintiffs have sought to predicate personal jurisdiction have concluded that they are insufficient to satisfy traditional notions of fair play and substantial justice.

Plaintiffs' apparent confusion between subject matter jurisdiction and the constitutional authority to act over the person is of no moment. Adding countless additional claims under federal statutes neither precludes the application of collateral estoppel nor provides additional facts to satisfy the rudimentary principles of due process. See Valdez, 144 F. Supp.2d at 667 (Collateral estoppel precludes the re-litigation of the jurisdictional issue even if a new theory of recovery is added so long as the theories arise out of the same nucleus of operative facts.); see also Deckert, 963 F.2d at 817 n. 5); International Shoe v. Washington, 326 U.S. 310, 316 (1945) (specific personal jurisdiction is dependent upon contacts with the forum sufficient to satisfy the requirements of due process); Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) (same). Accordingly, this action must be dismissed for want of personal jurisdiction.

                                             */s/ David Stewart Cercone*
                                             David Stewart Cercone
                                             United States District Judge

cc:      Honorable Lisa Pupo Lenihan
          United States Magistrate Judge

Marjorie M. Malking, Esquire
John C. Brzustowicz, Esquire
Day, Brzustowicz & Malkin, P.C.
3821 Washington Road
McMurray, PA 15317

James G. Gordon, Esquire
James G. Gordon & Associates
Suite 2100, Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219

Anthony E. Patterson, Esquire
Anthony E. Patterson & Associates
36th Floor, Grant Building
Pittsburgh, PA  15219